UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHAWNTAVIA LATRICE SPEARS,<br><br>   Plaintiff,<br><br>v.<br><br>MED-1 SOLUTIONS, LLC,<br><br>   Defendant. | CIVIL ACTION<br><br>COMPLAINT   1:17-cv-515<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW comes SHAWNTAVIA LATRICE SPEARS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of MED-1 SOLUTIONS, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a 33 year old natural person residing at 3202 Nobscot Drive, Indianapolis, Indiana, which falls within the Southern District of Indiana.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

6. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant "manages bad debt collection needs"[1] with its headquarters located at 517 US Highway 31 North, Greenwood, Indiana. Defendant is in the business of collecting consumer debts for others, including debts allegedly owed by Plaintiff. On its website and correspondences, Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals since 2004.[2]

8. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

9. Defendant is a "person" as defined by 47 U.S.C. §153(39).

10. At all times relevant to this complaint, Defendant was attempting to collect on a consumer "debt" as defined under 15 U.S.C. §1692 a(5) of the FDCPA.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

---

[1] http://revonecompanies.com/services/bad-debt-and-legal-collections/
[2] http://www.acainternational.org/memberdirectory.aspx

## **FACTS SUPPORTING CAUSES OF ACTION**

12. In early 2015, Plaintiff began receiving phone calls from Defendant to her cellular phone, (317) XXX-9382. *See* attached Exhibit A for a true and correct copy of an affidavit signed by Plaintiff.

13. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 9382. Plaintiff is and always has been financially responsible for the cellular phone and its services.

14. The phone number that Defendant most often uses to call Plaintiff's cellular phone is (888) 323-0811. *Id.*

15. Upon information and belief, the phone number ending in 0811 is regularly utilized by Defendant to contact consumers during its debt collection activity.

16. Upon answering calls from Defendant, Plaintiff experiences a brief pause, lasting approximately four to five seconds in length, before a live representative begins to speak. *Id.*

17. Upon speaking with Defendant, it informs Plaintiff that it is acting as a debt collector and is attempting to collect upon outstanding medical debt. *Id.*

18. Plaintiff is unaware as to how Defendant obtained her information, as she did not have any outstanding medical debt. *Id.*

19. Plaintiff has told Defendant to take her off its call lists and to stop calling her phone. *Id.*

20. Despite Plaintiff's demands, it has continued to regularly call her cellular phone up until at least April 2016. *Id.*

21. On February 16, 2017, Plaintiff called Defendant and upon speaking with a female representative, Plaintiff asked her why she was receiving phone calls from it. *Id.*

22. After verifying Plaintiff's information, Defendant's representative told her, "We don't show that we called you," and "we don't know why we would call you," but she notified Plaintiff that her information was in its system showing no outstanding debt. *Id.*

23. Defendant's representative also told Plaintiff, "We haven't called you since July 2015." *Id.*

24. Plaintiff has received multiple phone calls from Defendant since July 2015. *Id.*

25. Defendant has called Plaintiff's cellular phone not less than 15 times without her permission. *Id.*

26. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

27. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $44.00 to purchase and maintain an application subscription on her cellular phone to block the calls, resulting in pecuniary loss. *Id.*

28. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

29. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff repeats and realleges paragraphs 1 through 29 as though full set forth herein.

      **a.**     **Violations of the FDCPA §1692c(a)(1) and §1692d**

31. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

32. Defendant violated §1692c(a)(1), d and d(5) when it continuously called Plaintiff when it had no permission to do so. Plaintiff did not incur medical debt, as was even acknowledged by Defendant's representative, but yet, she was still bombarded with phone calls seeking to collect upon her. This repeated behavior of systematically calling Plaintiff's phone at least 15 times, even after she demanded that it cease contacting her, was harassing and abusive. Plaintiff did not have any outstanding debt owed to Defendant, and even conveyed to it that she did not wish to be contacted. The volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

33. Defendant never had permission to contact Plaintiff, and was even notified that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

      **b.**   **Violations of the FDCPA § 1692e**

34. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

35. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

5

36. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Despite not having permission to call her in the first place, as well as being told to cease contacting her and to remove her from its call list, Defendant continued to relentlessly contact Plaintiff via automated calls. Instead of stopping this behavior, Defendant continued to systematically place at least 15 calls to Plaintiff's cellular phone in a deceptive attempt to force her to answer its calls. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via automated calls when it did not have consent to do so.

   c. **Violations of FDCPA § 1692f**

37. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff when it had no permission to do so, as well as after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior. Defendant's representative even acknowledged that Plaintiff did not have any outstanding debt and is unaware as to why it placed calls to her cellular phone. These means employed by Defendant only served to worry and confuse Plaintiff.

38. As pled in paragraphs 25 through 29, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, SHAWNTAVIA LATRICE SPEARS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e.  Enjoining Defendant from further contacting Plaintiff; and

f.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

39. Plaintiff repeats and realleges paragraphs 1 through 38 as though fully set forth herein.

40. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

41. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The brief pause lasting approximately four to five seconds that Plaintiff experienced during answered calls from Defendant before being connected to a live representative, is instructive that an ATDS was being utilized to generate the phone calls. Similarly, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

42. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent. Plaintiff did not have any relationship with Defendant, as she did not incur any medical debt, so Defendant did not have consent to contact her cellular phone using

an ATDS in the first place. Even so, Plaintiff still informed Defendant to cease calling her cellular phone.

43. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

44. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, SHAWNTAVIA LATRICE SPEARS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

45. Plaintiff repeats and realleges paragraphs 1 through 44 as though fully set forth herein.

46. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection efforts towards Plaintiff.

47. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this

> chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).
>
> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

48. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

49. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

50. Defendant's collection calls to Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

51. Defendant engaged in unfair, abusive and deceptive behavior in its transactions with Plaintiff. Through systematic and frequent collection attempts, Defendant used an ATDS to relentlessly contact Plaintiff. Not only did Defendant not have permission to contact Plaintiff in the first place, as she did not owe any outstanding debt, but it was also notified by Plaintiff that she did not wish to be contacted. This information was even acknowledged by Defendant's representative during the February 16, 2017 conversation. Defendant's representative stated that Plaintiff's information is listed in its system, but there is no debt associated with her account. Despite this explanation by Defendant's representative, Plaintiff still received a number of phone calls from Defendant up until at least April 2016, in an abusive attempt to frighten and harass her into submission.

52. When Plaintiff attempted to clarify the debt that she was being called for, Defendant's representative made several contradicting statements, such as "we don't show that we called you," and "we don't know why we would call you." Plaintiff was adamant that she received numerous calls from Defendant, to which Defendant's representative said, "We haven't called you since July

9

2015." These three statements are extremely confusing, as Defendant claims that it did not call Plaintiff, but then acknowledges that it did call her. In addition, Plaintiff actually received multiple calls after July 2015, as Defendant was calling her cellular phone up until at least April 2016. This is unfair and deceptive behavior, as Defendant willfully made false and contradicting statements to Plaintiff which only served to confuse her.

53. Defendant also placed multiple phone calls to Plaintiff's cellular phone during the same day. Placing numerous calls within a short window was abusive to Plaintiff. Defendant intended to harass Plaintiff into submission by causing her phone to ring repeatedly.

54. In violating the TCPA, Defendant engaged in illegal behavior during its collection efforts towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

55. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

56. Defendant's conduct is part of a purposeful and systematic scheme to illegally collect upon unsophisticated consumers who may not be aware of their rights. Defendant's conduct is an incurable deceptive act of which notice would not remedy.

57. Although unsuccessful, Plaintiff made attempts to correct Defendant's incurable deceptive acts by demanding that it cease contacting her, and that it remove her from its call list. Defendant had no permission to call Plaintiff from the onset, and was even provided with notice to stop calling her. Still, it refused to abide by this notice, evidenced by calling Plaintiff at least 15 times. This

illustrates Defendant's incurable behavior, because even though Plaintiff did not owe a debt, she still received phone calls, and upon notifying it that she did not wish to receive these phone calls, Defendant still continued to call her cellular phone.

58. Defendant's conduct is part of a systematic scheme to fraudulently contact consumers in Indiana. Upon information and belief, Defendant conducts the same type of behavior on a wide and frequent basis, which goes against the state's goal of preventing the phone from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious.

59. In addition to inhibiting Plaintiff's time and energy, as pled in paragraphs 25 through 29, Plaintiff has suffered damages as a result of Defendant's unlawful conduct, including spending money on the purchase of a blocking application. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, SHAWNTAVIA LATRICE SPEARS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

| | |
|---|---|
| Dated: February 17, 2017 | Respectfully submitted, |
| s/ Nathan C. Volheim<br>Nathan C. Volheim, Esq. #6302103<br>Counsel for Plaintiff<br>Admitted in the Southern District of Indiana<br>Sulaiman Law Group, Ltd.<br>900 Jorie Boulevard, Suite 150<br>Oak Brook, Illinois 60523<br>(630) 575-8181 x113 (phone)<br>(630) 575-8188 (fax)<br>nvolheim@sulaimanlaw.com | s/Taxiarchis Hatzidimitriadis<br>Taxiarchis Hatzidimitriadis, Esq. #6319225<br>Counsel for Plaintiff<br>Admitted in the Southern District of Indiana<br>Sulaiman Law Group, Ltd.<br>900 Jorie Boulevard, Suite 150<br>Oak Brook, Illinois 60523<br>(630) 575-8181 x110 (phone)<br>(630) 575-8188 (fax)<br>thatz@sulaimanlaw.com |