**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| SHAWNTAVIA LATRICE SPEARS, <br><br> Plaintiff, <br><br> v. <br><br> MED-1 SOLUTIONS, LLC, <br><br> Defendant. | 1:17-cv-00515-WTL-DML <br><br> Honorable William T. Lawrence <br><br> Magistrate Honorable <br> Debra McVicker Lynch |

## CASE MANAGEMENT PLAN

**I.    Parties and Representatives**

   A. Parties

   | Plaintiff: | Defendant: |
   |---|---|
   | Shawntavia Latrice Spears | Med- 1 Solutions, LLC |

   B. Representatives

   | For Plaintiff: | For Defendant: |
   |---|---|
   | Nathan Charles Volheim <br> Ahmad Tayseer Sulaiman <br> Taxiarchis Hatzidimitriadis <br> Sulaiman Law Group, Ltd. <br> 900 Jorie Boulevard, Suite 150 <br> Oak Brook, IL 60523 <br> 630-575-8181 <br> Fax: 630-575-8188 <br> Email: nvolheim@sulaimanlaw.com <br> Email: ahmad.sulaiman@sulaimanlaw.com <br> Email: thatz@sulaimanlaw.com | Tara Gerber <br> Med-1 Solutions, LLC <br> 517 US Highway 31 N. <br> Greenwood, IN  46142 <br> Office: 317-883-5600 <br> Fax: 888-323-0803 <br> Direct: 317-883-5668 <br> Tara.Gerber@med1solutions.com |

**II.    Jurisdiction and Statement of Claims**

   A.    Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim

pursuant to 28 U.S.C. §1367.

B. Plaintiff has brought a three count complaint against Defendant. Count one of the complaint alleges violations of the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §§1692c(a)(1), d, d(5), e, e(10), and related to Defendant's debt collections actions. Count two of the complaint alleges violations of the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §§1692(b)(1)(iii)(2) related to Defendant's use of an automatic telephone dialing system ("ATDS") in making collection calls to Plaintiff's cellular phone without her consent. Any consent that may have been given to a party of interest was specifically revoked by Plaintiff. Count three of the complaint alleges violations of the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5-3(a) and (b)(19) related to Defendant's collection action.

C. Defendant asserts that it did not violate the FDCPA, and any violation was a result of bona fide error. Plaintiff incurred debts at Community Health Network. Plaintiff provided her phone number to Community, which constitutes prior express consent. Defendant is an agent of Community Health Network. Plaintiff had several amicable phone conversations with Defendant regarding her debts, and Plaintiff never revoked her consent or asked Defendant not to contact her.

D. Within 14 days after the non-expert discovery deadline, and consistent with the certification provisions of Fed. R. Civ. Proc. 11(b) the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

## III. Pretrial Pleadings and Disclosures

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **May 12, 2017**.

B. Plaintiff shall file preliminary witness and exhibit lists on or before **May 12, 2017**.

C. Defendant shall file preliminary witness and exhibit lists on or before **June 12, 2017**.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **July 27, 2017**.

E. Plaintiff shall serve Defendant (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before **May 12, 2017**. Defendant shall serve on the Plaintiff (but not file with the Court) a response thereto within 30 days after receipt of the demand.

F.  Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **September 13, 2017**.  Defendant shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **October 11, 2017**; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **October 11, 2017.**

G.  If a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the court.

H.  Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than **60 day before trial.**  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56-1.

I.  All parties shall file and serve their final witness and exhibit lists on or before **January 17, 2018**.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

J.  Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.  Discovery of electronically stored information ("ESI").  The parties do not anticipate a large volume of ESI to be sought.  To the extent that any ESI is sought, the parties agree that .pdf will be the format unless native format is requested by the opposing party.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned

document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

IV. **Discovery[1] and Dispositive Motions**

    A.    Select the track that best suits this case:

        \_\_\_\_ Track 1: No dispositive motions are anticipated. All discovery shall be completed by _____.

        **X** Track 2: Dispositive motions are expected and shall be filed by March 15, 2018; non-expert witness discovery and discovery relating to liability issues shall be completed by December 4, 2017, expert witness discovery and discovery relating to damages shall be completed by January 31, 2017.

        \_\_\_\_ Track 3: Dispositive motions are expected and shall be filed no later than _____ [no later than 12 months from Anchor Date]; discovery relating to liability issues and expert witness discovery that may be necessary at the dispositive motions stage shall be completed by _____ [no later than 30 days prior to the dispositive motion deadline date]; all remaining discovery shall be completed by [no later than 12-16 months from Anchor Date]. [Note: The Court expects that this will not be the typical track when dispositive motions are anticipated.]

        \_\_\_\_ Track 4: Dispositive motions shall be filed by _____ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____.

Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

V. **Pre-Trial/Settlement Conferences**

**The parties recommend a settlement conference in October 2017.**

---

[1] The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

## VI. Trial Date

The parties request a trial date in **December 2018**. The trial is by **jury** and is anticipated to take **three (3) days**.

## VII. Referral to Magistrate Judge

A. **Case**. At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(b) and Federal Rules of Civil Procedure 73 for all further proceedings including trial.

B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII. Required Pre-Trial Preparation

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

    a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading

depositions in a question and answer format, this is strongly encouraged.); or

   b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

 5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

 6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

 1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

 2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

 3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

 4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX. Other Matters

**None at this time.**

SHAWNTAVIA LATRICE SPEARS,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com


MED-1 SOLUTIONS, LLC

s/Tara Gerber
Tara Gerber
517 US Highway 31 N.
Greenwood, Indiana 46142
(317) 883-5668
Tara.gerber@med1solutions.com

***************************************************************************

| | |
|---|---|
| | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT \_\_\_\_\_.M., ROOM _____. |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M. COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (\_\_\_\_) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (\_\_\_\_) _____; |
| | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**

_____     _____
Date                                U. S. District Court
                                    Southern District of Indiana