# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| SHAWNTAVIA LATRICE SPEARS, | 1:17-cv-00515-WTL-DML |
| Plaintiff, | |
| v. | Honorable William T. Lawrence |
| MED-1 SOLUTIONS, LLC, | Magistrate Honorable |
| Defendant. | Debra McVicker Lynch |

## PLAINTIFF'S STATEMENT OF CLAIMS FOR TRIAL

NOW comes SHAWNTAVIA LATRICE SPEARS ("Plaintiff"), by and through her attorneys, pursuant to Section II. D. of the entered Case Management Plan (Dkt. 16), hereby submits the following statement of the claims she intends to prove at trial, and the legal theories on which those claims are based.

As Plaintiff has outlined in her Complaint (Dkt. 1), Plaintiff will present evidence that Defendant, in its attempt to collect upon a debt, unlawfully placed phone calls to Plaintiff's cellular ("cell") phone without her consent. Plaintiff will prove that any consent she may have given to a party of interest was specifically revoked. Moreover, Plaintiff will prove that Defendant's conduct was deceptive and unfair, as Defendant continued to contact him using various phone numbers despite his demands that it cease.

Plaintiff intends to prove at trial that Defendant violated:

(1) The Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227(b)(1)(iii);

(2) The Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §§1692c(a)(1), d, d(5), e, e(10), and f; and

(3) The Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5-3(a) and (b)(19).

The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cell phone using an automatic telephone dialing system ("ATDS") without their consent. Plaintiff had the opportunity to depose Defendant's 30(b)(6) witness, and uncovered that Defendant did not dispute the fact that many of the phone calls it placed to Plaintiff's cell phone was made using an ATDS. While Plaintiff does acknowledge that she may have provided her phone number to the original medical providers, Plaintiff will prove that this consent was revoked. .

The FDCPA, pursuant to 15 U.S.C. §§1692c(a)(1), d, d(5), e, e(10), and f, prohibits a debt collector from engaging in the following conduct:

i. Communicating with the consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer." §1692c(a)(1).
ii. "Any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d.
iii. "Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." §1692d(5).
iv. Using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." §1692e.
v. "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." §1692e(10).
vi. Using "unfair or unconscionable means to collect or attempt to collect any debt." §1692f.

Defendant's 30(b)(6) witness testified that Defendant is a debt collector and is subject to the FDCPA. Plaintiff intends to prove that Defendant continued to repeatedly contact her in an attempt to collect upon a debt after he demanded that Defendant stop. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an ATDS, which

as evidenced above was admittedly used by Defendant, even though Defendant no longer had consent to contact Plaintiff. In addition, Plaintiff intends to prove that Defendant's conduct was unfair, as its collection efforts continued despite Plaintiff's requests to cease contact. Additionally, Plaintiff will establish did not follow other provisions of the FDCPA during its debt collection activity.

Finally, Plaintiff intends to prove that Defendant violated the IDCSA, as Defendant engaged in unfair, abusive, and deceptive behavior in its transactions with Plaintiff. Despite being notified by Plaintiff that she did not wish to be contacted, Defendant continued to place collection calls to Plaintiff using an ATDS. As indicated, Plaintiff intends to prove that Defendant violated the TCPA, and pursuant to I.C. 24-5-0.5-3(b)(19), a violation of the TCPA is enumerated deceptive conduct under the IDCSA. Moreover, Plaintiff will seek to prove that Defendant's conduct is incurable, as Plaintiff provided it with notice to cease contacting her, but yet Defendant persisted with its unlawful conduct in spite of this demand.

Dated: December 18, 2017

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Suite 200
Lombard, IL 60148
Phone: (630) 575-8181 x 113
Fax: (630) 575-8188
nvolheim@sulaimanlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I, Nathan C. Volheim, an attorney, certify that on December 18, 2017, I caused the foregoing, PLAINTIFF'S STATEMENT OF CLAIMS FOR TRIAL, to be served upon counsel of record, as listed below, via email.

Med-1 Solutions, LLC
Attention: Nicholas Moline
517 US Highway 31 N
Greenwood, Indiana 46142
Nicholas.moline@med1solutions.com


<u>s/ Nathan C. Volheim</u>
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*